IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIO ECKERT, | : | CIVIL ACTION |
| ROBERT BAKER, | : | |
| STEVE BILLET, | : | |
| KEVIN BLOOM, JR. | : | |
| SHAWN CLARK, | : | |
| KAREN DIETZ, | : | |
| HERBERT C. GARBER, | : | |
| GISBEL GARCIA, JR., | : | |
| MARIO GAROFALO, | : | |
| BRADLEY HOCKENBERRY, | : | |
| JASON KRAFT, | : | |
| MARTIN PARSON, and | : | |
| FRED WILSON | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | No.: |
| | : | |
| CHAUFFEURS, TEAMSTERS | : | |
| AND HELPERS LOCAL UNION 776 | : | |
| PROFIT SHARING PLAN, | : | |
| CHAUFFEURS, TEAMSTERS | : | |
| AND HELPERS LOCAL UNION 776, | : | |
| EDGAR H. THOMPSON, and | : | |
| RONALD W. HICKS | : | |
| | : | |
| Defendants | : | |

## COMPLAINT

AND NOW, comes the Plaintiffs, Mario Eckert, Robert Baker, Steve Billet, Kevin Bloom, Jr., Shawn Clark, Karen Dietz, Herbert C. Garber, Gisbel Garcia, Jr., Mario Garofalo, Bradley Hockenberry, Jason Kraft, Martin Parson, and Fred

1

Wilson, (hereinafter "Plaintiffs"), by and through their counsel, Goldberg Katzman, P.C. and the Law Offices of Peter Russo, P.C., who file this Complaint by respectfully stating the following:

## I. PARTIES

1. Mario Eckert is an adult individual residing at 150 Midway Road, York Haven, PA 17370.

2. Robert Baker is an adult individual residing at 800 Rutter Road, Halifax, PA 17032.

3. Steve Billet is an adult individual residing at 5731 Kenwood Avenue, Harrisburg, PA 17112.

4. Kevin Bloom, Jr. is an adult individual residing at 2 Long View Drive, Mifflin, PA 17058.

5. Shawn Clark is an adult individual residing at 2000 Spring Garden Drive, Middletown, PA 17057.

6. Karen Dietz is an adult individual residing at 330 Creek Road, Shermansdale, PA 17090.

7. Herbert C. Garber is an adult individual residing at 7387 Jonestown Road, Harrisburg, PA 17112.

8. Gisbel Garcia, Jr. is an adult individual residing at 215 Nebinger Road, Lewisberry, PA 17339.

{00770276;v1}

9. Mario Garofalo is an adult individual residing at 3385 Oakham Drive, York, PA 17402.

10. Bradley Hockenberry is an adult individual residing at P.O. Box 11, Shirleysburg, PA 17260.

11. Jason Kraft is an adult individual residing at 308 Sylvan Street, Marysville, PA 17053.

12. Martin Parson is an adult individual residing at 18678 Swailes Road, Willow Hill, PA 17271.

13. Fred Wilson is an adult individual residing at 6168 River Drive, York, PA 17406.

14. Defendant, Chauffeurs, Teamsters, and Helpers Local Union 776 Profit Sharing Plan (hereinafter "the Plan") is a profit sharing plan sponsored by Chauffeurs, Teamsters, and Helpers Local Union 776 located at 2552 Jefferson Street, Harrisburg, PA 17110.

15. Defendant, Chauffeurs, Teamsters, and Helpers Local Union 776, is the Plan Administrator and is located at 2552 Jefferson Street, Harrisburg, PA 17110. The Plan Administrator acted as a fiduciary for all purposes as that term is defined pursuant to ERISA, 29 U.S.C. §1104.

16. Defendant, Edgar H. Thompson, is a trustee of the Plan and is located at 2552 Jefferson Street, Harrisburg, PA 17110. Thompson acted as a fiduciary for all purposes as that term is defined pursuant to ERISA, 29 U.S.C. §1104.

17. Defendant, Ronald W. Hicks, is a trustee of the Plan and is located at 2552 Jefferson Street, Harrisburg, PA 17110. Hicks acted as a fiduciary for all purposes as that term is defined pursuant to ERISA, 29 U.S.C. §1104.

## II.  JURISDICTION

18. This court has jurisdiction over this matter pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132(e), 29 U.S.C. §1132(a)(1)(B) and 29 U.S.C. §1132(a)(3).

## III.  VENUE

19. Venue in this District Court is proper pursuant to 29 U.S.C. §1132(e)(2).

## IV.  FACTS

20. Plaintiffs were all members in good standing of Chauffeurs, Teamsters, and Helpers Local Union 776 ("Local Union 776") in 2011.

21. In the Fall of 2011, the members of Local Union 776 voted to elect Plaintiffs as business agents/employees of Local Union 776 to a three year term that began on January 1, 2012.

22. Prior to the time Plaintiffs took office on January 1, 2012, Local Union 776 sponsored a profit sharing plan called Chauffeurs, Teamsters, and Helpers Local Union 776 Profit Sharing Plan ("the Plan").

23. The Plan is subject to ERISA.

24. Under the Plan, as it existed as of January 1, 2012, Plaintiffs had to complete one year of service to be eligible to receive contributions to their pension plan accounts from Local Union 776, the sponsoring employer.

25. Based on Section 15(D) of the Local Union 776 By-Laws, the executive board of Local Union 776 had authority to amend the Plan document.

26. In 2012, the executive board of Local Union 776 consisted of Fred Wilson, President, John White, Vice-President, Mario Garofalo, Secretary-Treasurer, Herbert C. Garber, Recording Secretary, Robert Green, Trustee, Chad Turns, Trustee, and Joseph Thevenin, Trustee.

27. In or about July 2012, the Local Union 776 executive board met and voted to amend the Plan document based on the authority set forth in Section 15(D) of the Local Union 776 By-Laws.

28. The Local Union 776 executive board's vote to amend the Plan document was legal and binding and complied with the Local Union 776 By-Laws.

29. The Local Union 776 executive board amended the Plan document to eliminate the one year of service requirement for employees employed as of

September 1, 2012 so that employees of Local Union 776 employed as of September 1, 2012 would be participants of the Plan as of September 1, 2012 and be entitled to employer contributions as of their original date of employment. (See Exhibit A – Summary Plan Description).

30. The following Plaintiffs were employees of Local Union 776 as of January 1, 2012:

> Mario Eckert
> Robert Baker
> Steve Billet
> Kevin Bloom, Jr.
> Shawn Clark
> Karen Dietz
> Herbert C. Garber
> Gisbel Garcia, Jr.
> Mario Garofalo
> Jason Kraft
> Fred Wilson

31. Plaintiff Bradley Hockenberry became an employee of Local Union 776 on February 20, 2012 and Plaintiff Martin Parson became an employee of Local Union 776 on June 9, 2012.

32. The sponsoring employer, Local Union 776, made contributions to Plaintiffs' Plan accounts pursuant to the Plan documents so that Plaintiffs' Plan accounts were fully funded from their date of employment until December 31, 2014.

{00770276;v1}

33. An election was held in late 2014, and the members of Local Union 776 voted not to re-elect Plaintiffs. Plaintiffs' three year term expired on December 31, 2014.

34. Under the terms of the Plan, upon separation from service, the balance of the vested Plan accounts become distributable to an employee if the employee elects to receive a distribution.

35. The Plaintiffs' Plan accounts were fully vested as of December 31, 2014.

36. In January 2015, Plaintiffs requested that the Plan Administrator distribute the amounts in their Plan accounts to them or into another retirement account as designated by the individual Plaintiffs.

37. On February 26, 2015, the trustees of the Plan notified Plaintiffs that they had not been able to locate any records of Teamsters Local Union 776 indicating that the modification in employment service requirements for commencement of plan participation were properly approved by either the Local Union membership or the Local Union executive board as the governing bodies of the Plan sponsor, Local Union 776. (Exhibit B).

38. The Plan trustees and Plan Administrator distributed to Plaintiffs their current Plan account balances less any contributions or associated earnings attributable to their first year of employment service with Local Union 776.

{00770276;v1}

39. Within sixty (60) days of February 26, 2015, Plaintiffs appealed the decision not to distribute the full amount of their account balances in the Plan.

40. Plaintiffs provided notarized statements from each of the Local Union 776 executive board members and disinterested members of Local Union 776 to the Plan trustees and Plan Administrator. The witnesses stated that the Local Union 776 executive board met and properly voted to amend the Plan document in July 2012. (Exhibit C).

41. Plaintiffs provided notes from the Executive Board's Recording Secretary, Herbert Garber, of the July 2, 2012 Executive Board meeting. The notes corroborate the witnesses' statements that the Executive Board approved the amendments to the Plan. (Exhibit D).

42. Prior to June 1, 2012, the Executive Board approved the adoption of a Profit Sharing Plan or amended the Profit Sharing Plan. The Trustees and Plan Administrator complied with the terms of these earlier Plan documents even though not all of the Executive Board's decisions adopting a Plan or amending the Plan were reflected in the minutes.

43. As of the filing of this Complaint, the Plan trustees and Plan Administrator have not disbursed to Plaintiffs the contributions and associated earnings attributable to Plaintiffs' first year of employment service with Local Union 776.

V. **THE PLAN AND PLAN ADMINISTRATOR'S VIOLATION OF ERISA, 29 U.S.C. §1132(a)(1)(B) – DENIAL OF BENEFITS**

44. Plaintiffs incorporate by reference paragraphs 1 through 43 as if fully set forth herein.

45. The Plan and Plan Administrator violated ERISA by arbitrarily and without justification, failing to pay Plaintiffs the contributions and associated earnings attributable to Plaintiffs' first year of employment service with Local Union 776 from their Plan accounts.

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order requiring the Plan and Plan Administrator to disburse the contributions and associated earnings attributable to the Plaintiffs' first year of employment service with Local Union 776. Plaintiffs also demand judgment against the Plan and Plan Administrator for attorneys' fees and costs, statutory penalties, liquidated damages, interest, and any other legal or equitable relief afforded to them under ERISA.

VI. **PLAN ADMINISTRATOR, EDGAR THOMPSON AND RONALD HICKS' VIOLATION OF ERISA, 28 U.S.C. §1104(a)(1)(A) and 28 U.S.C. §1104(a)(1)(D) – BREACH OF FIDUCIARY DUTY**

46. Plaintiffs incorporate by reference paragraphs 1 through 45 as if fully set forth herein.

47. The Plan Administrator and Plan trustees, Edgar Thompson and Ronald Hicks, have violated their fiduciary duties as required under ERISA, 28 U.S.C. §1104(a)(1)(A) by not acting in the interest of the Plaintiffs, as plan

participants, in granting benefits under the Plan, which Plaintiffs are entitled to receive.

48. The Plan Administrator and Plan trustees, Edgar Thompson and Ronald Hicks, have violated their fiduciary duties as required under ERISA, 28 U.S.C. §1104(a)(1)(D), by arbitrarily and without justification refusing to comply with the Plan documents as properly and legally amended in September 2012.

49. The Plan Administrator and Plan trustees, Edgar Thompson and Ronald Hicks, have not made a decision on Plaintiffs' demands in a consistent or uniform manner based on the prior practice of the Plan Administrator and trustees.

50. The Plan Administrator and Plan trustees have arbitrarily and without justification failed to pay Plaintiffs contributions and associated earnings attributable to their first year of employment service with Local Union 776.

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order requiring the Plan Administrator and Plan trustees to disburse the contributions and associated earnings attributable to Plaintiffs' first year of employment service with Local Union 776, which Defendants withheld contrary to the Plan document. Plaintiffs also demand judgment against the Plan Administrator and Plan trustees for attorneys' fees and costs, statutory penalties, liquidated damages, interest, and any other legal or equitable relief afforded to them under ERISA.

{00770276;v1}

Respectfully submitted,

GOLDBERG KATZMAN, P.C.

By: /s/ *Michael J. Crocenzi*
Michael J. Crocenzi, Esquire
Attorney ID No. 66255
4250 Crums Mill Road
P.O. Box 6991
Harrisburg, PA 17112
Telephone: (717) 234-4161
*Attorneys for Plaintiffs*

LAW OFFICES OF PETER J. RUSSO, P.C.

By: /s/ *Peter J. Russo*
5006 East Trindle Road, Suite 203
Mechanicsburg, PA 17050
Telephone: (717) 610-4399
*Attorneys for Plaintiffs*

Date: October 2, 2015

{00770276;v1}